IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**EDWARD C. CROW,**

      Petitioner,

v.                                  **CIVIL ACTION NO. 1:16CV5**
                                       **CRIMINAL ACTION NO. 1:13CR38**

**UNITED STATES OF AMERICA,**

      Respondent.

**ORDER ADOPTING REPORT AND RECOMMENDATION
[DKT. NO. 9], DENYING AND DISMISSING PETITION [DKT. NO. 1],
AND DENYING MOTION TO APPOINT COUNSEL AS MOOT [DKT. NO. 6]**

      On January 12, 2016, the pro se petitioner, Edward C. Crow ("Crow"), filed a petition pursuant to 28 U.S.C. § 2255, alleging that (1) the Government prejudiced his character in front of the jury by using evidence of an uncharged inmate assault at trial; (2) the Government's forensic psychologist's testimony at trial was an opinion, not a fact; (3) his attorney was constitutionally ineffective for not calling a competing expert psychologist as a witness at trial; and (4) there is new evidence showing that he did not possess a dangerous weapon and, therefore, he cannot be guilty of stabbing a correctional officer at USP Hazelton (Dkt. No. 1 at 5-10).

      The Court referred the petition to United States Magistrate Judge James E. Seibert, and later reassigned the petition to United States Magistrate Judge Michael J. Aloi for initial screening and a Report and Recommendation ("R&R") in accordance with LR PL P 2.

## ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 9], DENYING AND DISMISSING PETITION [DKT. NO. 1], AND DENYING MOTION TO APPOINT COUNSEL AS MOOT [DKT. NO. 6]

Magistrate Judge Aloi's R&R recommended that the petition be denied and dismissed because Crow's first two claims were raised and rejected on direct appeal and, therefore, these claims cannot be re-litigated in Crow's § 2255 motion (Dkt. No. 9 at 4-5). The R&R further concluded that Crow's ineffective-assistance-of-counsel claim is without merit because Crow fails to allege what a competing psychologist's testimony would have been; how it would have mitigated his culpability; how it would have aided his insanity defense; or how it would have minimized his exposure at sentencing. Id. at 8. Moreover, the R&R concluded that his attorney's performance would not have changed the outcome at trial in light of the overwhelming evidence of Crow's guilt. Id. at 8-9. Finally, Magistrate Judge Aloi's R&R concludes that Crow's claim of actual innocence based on new evidence is contradicted by the overwhelming evidence presented at trial, including Crow's sworn testimony at trial admitting that he stabbed the correctional officer with a dangerous weapon. Id. at 9-12.

The R&R also warned Crow that his failure to object to the recommendation within fourteen (14) days would result in the waiver of any appellate rights he might otherwise have on these issues. Id. at 12. The failure to object to the R&R not only waives the appellate rights in this matter, but also relieves the Court of any

**CROW V. USA**                                                                  **1:16CV5**

**ORDER ADOPTING REPORT AND RECOMMENDATION
[DKT. NO. 9], DENYING AND DISMISSING PETITION [DKT. NO. 1],
AND DENYING MOTION TO APPOINT COUNSEL AS MOOT [DKT. NO. 6]**

obligation to conduct a de novo review of the issue presented. See Thomas v. Arn, 474 U.S. 140, 148-153 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997). To date, Crow has not filed any objections to the R&R.

Consequently, finding no clear error, the Court **ADOPTS** the R&R in its entirety (Dkt. No. 9), **DENIES** and **DISMISSES** Crow's petition (Dkt. No. 1), and **DENIES** Crow's motion to appoint counsel as **MOOT** (Dkt. No. 6). It further **ORDERS** that this case be stricken from the Court's active docket.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in such cases. If the court denies the certificate, "the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. foll. § 2255(a). The Court finds it inappropriate to issue a certificate of appealability in this matter because Crow has not made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims

CROW V. USA                                                          1:16CV5

**ORDER ADOPTING REPORT AND RECOMMENDATION
[DKT. NO. 9], DENYING AND DISMISSING PETITION [DKT. NO. 1],
AND DENYING MOTION TO APPOINT COUNSEL AS MOOT [DKT. NO. 6]**

by the district court is debatable or wrong, and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003). Upon review of the record, the Court concludes that Crow has failed to make the requisite showing, and **DENIES** a certificate of appealability.

It is so **ORDERED.**

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of this order to counsel of record and to the pro se petitioner, certified mail, return receipt requested.

Dated: November 9, 2018.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE